**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER L. DIXON,<br><br>Petitioner,<br><br>v.<br><br>SCOTT KERNAN,<br><br>Respondent. | **Case ED CV 16-01126 -ODW (RAO)**<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, and the Magistrate Judge's Report and Recommendation. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner's Objections were directed. The Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

The Court has carefully considered Petitioner's Objections to the Report and Recommendation and Petitioner's argument that he is entitled to equitable tolling because the impediments arising from his imprisonment (e.g., constant lockdowns) and the restrictions on conducting legal research in a prison environment (e.g., limited law library and computer access) constitute extraordinary circumstances that prevented him from timely filing his federal habeas petition.

///

Petitioner's argument that the restrictions of imprisonment impeded his ability to research, draft, and timely file a habeas petition warrants equitable tolling fails. *See, e.g.*, *Martinez v. Knowles*, 359 F. App'x 732, 733 (9th Cir. 2009) (denying equitable tolling for period during which the petitioner was in prison lockdown and prevented from accessing the law library and legal materials); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on [petitioner's] access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner.").

IT IS THEREFORE ORDERED that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

DATED: December 29, 2016

OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE